802 So.2d 1253 (2001)
Donald PATTY, As Executor of the Succession of Mary Thelma PATTY
v.
CHRISTUS HEALTH NORTHERN LOUISIANA d/b/a Christus Schumpert Health System.
No. 2001-CC-2651.
Supreme Court of Louisiana.
October 26, 2001.
Denied.
CALOGERO, C.J., concurs and assigns reasons.
TRAYLOR, J., would grant the writ.
CALOGERO, Chief Justice, concurs and assigns reasons.
I concur in the denial of the writ application because I believe the reasoning of the court of appeal and its result are correct. In 1997, La.Rev.Stat. 40:1299.47A(2)(a) was amended to state that "[f]illing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription." However, the legislature did not amend La.Rev.Stat. 40:1299.47A(2)(b) which states that "[t]he *1254 request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail." The "board" is a reference to the Patient's Compensation Fund Oversight Board. See La.Rev.Stat. 40:1299.41A(5). Here, the plaintiff mailed the medical malpractice complaint to the Patient's Compensation Fund Oversight Board pursuant to La Rev. Stat. 40:1299.47A(2)(b).
If the legislature intended that the 1997 amendment to La Rev. Stat. 40:1299.47A(2)(a) would nullify La Rev. Stat. 40:1299.47A(2)(b), and its deeming filed a complaint mailed to the board, they should have coincidently repealed that provision of the law. The legislature did not do so, and La Rev. Stat. 40:1299.47A(2)(b) remains part of the Medical Malpractice Act. If there is good reason for the 1997 amendment to La. Rev.Stat. 40:1299.47A(2)(a) to nullify the present La. Rev.Stat. 40:1299.47A(2)(b), the legislature is at liberty to change the law and make that clear.